IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. VILLALBA, | No. C 08-5282 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| PELICAN BAY STATE PRISON MEDICAL CARE SYSTEM, et al., | |
| Defendants. | |

On November 21, 2008, the above-titled action was opened when plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed a letter complaining of inadequate medical care. After being informed by the Court that he must submit his claims on a form civil rights complaint, plaintiff filed, on December 22, 2008, the instant complaint under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

§ 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

According to the allegations in the complaint, plaintiff injured his right thumb while on PBSP yard C on May 8, 2008. After plaintiff reported his injury to a correctional officer, medical staff was called. Defendant MTA [Medical Technician Assistant] Rebecca Stone ("Stone") looked at plaintiff's injury and told him she would be right back, but did not return until the next day, at which time she was accompanied by defendant Nurse Lori Bree ("Bree"). When Stone and Bree examined plaintiff on May 9, 2008, they took away a hand-wrap that plaintiff had been given the previous day by Nurse Gaven, and refused to order that plaintiff be x-rayed.

Plaintiff claims Stone and Bree negligently failed to provide him with proper medical care. He seeks monetary damages, and to compel Stone and Bree to receive adequate medical training. Plaintiff's complaint fails to state cognizable claims for relief under § 1983 or for any other violation of federal law.

First, neither negligence nor gross negligence is actionable under § 1983 in the prison context; rather, the applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding Eighth Amendment is violated when prison officials act with deliberate indifference to inmates' serious medical needs). Here, as noted, plaintiff claims defendants acted negligently, which allegation is not sufficient to state a claim for relief under § 1983. Similarly, plaintiff's allegations do not suffice to state a claim for relief under the Eighth Amendment, as plaintiff has not alleged facts showing Stone and Bree acted with deliberate indifference.

2

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Here, plaintiff has not alleged the type of injury he suffered when he hurt his thumb; consequently, the Court cannot discern whether he suffered from a serious medical need. Additionally, absent further allegations by plaintiff as to the extent of the injury he suffered, the type of relief he requested from Stone and Bree, and Stone and Bree's responses thereto, no inference of unlawful conduct by Stone and Bree can be drawn from plaintiff's conclusory assertions that he was not examined in a timely manner, that Stone and Bree took away the hand-wrap given to him by another nurse, and that x-rays were not ordered.

In sum, plaintiff has failed to state a cognizable claim for relief either under § 1983 or for any other violation of fedral law.  Consequently, the complaint will be dismissed.  As plaintiff is proceeding pro se, however, he will be given leave to amend the complaint to correct the deficiencies noted above.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (holding district courts must afford pro se prisoner litigants opportunity to amend to correct any deficiency in complaints).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above.  A copy of the form is provided herewith.  Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 08-5282 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint.  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer

3

defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  These rules govern actions filed by pro se litigants as well as litigants represented by counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 6, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4