IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. VILLALBA, | No. C 08-5282 MMC (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| PELICAN BAY STATE PRISON MEDICAL CARE SYSTEM, et al., | |
| Defendants. | |

On November 21, 2008, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed a letter complaining of inadequate medical care. After being informed by the Court that he must submit his claims on a form civil rights complaint, plaintiff filed, on December 22, 2008, the instant complaint under 42 U.S.C. § 1983.

By order filed April 6, 2009, the Court reviewed the complaint and found plaintiff's allegations failed to state a cognizable claim for relief. Specifically, the Court found plaintiff's claims that defendants MTA Stone and Nurse Bree acted negligently when they did not attend immediately to plaintiff's injured thumb, took away a hand-wrap that a prison nurse had given to plaintiff, and refused to order that plaintiff be x-rayed, were not actionable under § 1983. The Court explained to plaintiff that he failed to state a cognizable claim for the following reasons:

> First, neither negligence nor gross negligence is actionable under § 1983 in the prison context; rather, the applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding Eighth Amendment is violated when prison officials act with deliberate indifference to inmates' serious medical needs). Here, as noted, plaintiff claims defendants acted negligently, which

> allegation is not sufficient to state a claim for relief under § 1983. Similarly, plaintiff's allegations do not suffice to state a claim for relief under the Eighth Amendment, as plaintiff has not alleged facts showing Stone and Bree acted with deliberate indifference.
>
> A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Here, plaintiff has not alleged the type of injury he suffered when he hurt his thumb; consequently, the Court cannot discern whether he suffered from a serious medical need. Additionally, absent further allegations by plaintiff as to the extent of the injury he suffered, the type of relief he requested from Stone and Bree, and Stone and Bree's responses thereto, no inference of unlawful conduct by Stone and Bree can be drawn from plaintiff's conclusory assertions that he was not examined in a timely manner, that Stone and Bree took away the hand-wrap given to him by another nurse, and that x-rays were not ordered.

(Order, filed Apr. 6, 2009, at 2:20-3:12.)

The Court granted plaintiff leave to amend to plead facts that state a claim for relief under the Eighth Amendment by correcting the above-noted deficiencies.

On April 14, 2009, plaintiff filed the instant amended complaint in which he slightly expands upon but in essence repeats the same allegations made in the original complaint. Notably, plaintiff does not allege the type and extent of injury he suffered when he hurt his thumb, the type of relief he requested from defendants Stone and Bree, and Stone and Bree's responses thereto.

The Court, in its order of dismissal with leave to amend, made clear to plaintiff the facts he must allege in order to state a claim for relief under the Eighth Amendment; plaintiff, however, has not alleged such facts. Consequently, for the foregoing reasons, the Court finds, as a matter of law, that plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. Accordingly, the complaint is hereby DISMISSED without further leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2009

MAXINE M. CHESNEY
United States District Judge